UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,           :
                                   :
      Petitioner                   :
                                   :
      v.                           :    CIVIL NO. 4:CV-08-909
                                   :
BLEDSOE, WARDEN,                   :    (Judge McClure)
                                   :
      Respondent                   :

## **MEMORANDUM**

May 14, 2008

**Background**

      This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 was filed by Michael Curtis Reynolds ("Petitioner"), an inmate presently confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). Reynolds has not paid the required filing fee and his petition is not accompanied by a request for leave to proceed *in forma pauperis*. For the reasons set forth below, Petitioner's action will be dismissed as meritless.

      Named as sole Respondent is Warden Bledsoe, presumably of USP-Lewisburg. The petition challenges the legality of Petitioner's federal criminal conviction which occurred in this district. *See United States v. Reynolds*, Case No. 3:05-CR-493 (Kosik, J.). Reynolds argues that he is entitled to federal habeas corpus relief because: (1) he was subjected to a false arrest; (2) evidence obtained in an illegal

1

search was used against him; (3) his speedy trial rights were violated, (4) a perjured affidavit of probable cause was used "on all warrants"; (5) abuse of discretion and bias by the trial court; (6) he was subjected to a vindictive prosecution; and (7) the trial court lacked proper venue.  *See* Record document no. 1, p. 2.  As relief, Reynolds seeks reversal of his federal criminal charges and his immediate release.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  *See, e.g.*, *Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). It is noted that the Rules are applicable to § 2241 petitions under Rule 1(b).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  *Gorko v. Holt*, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting  *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970).

The usual avenues for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is via direct appeal or through submission of a

motion under 28 U.S.C. § 2255 in the sentencing court. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). According to the docket of his criminal case, Reynolds has filed a direct appeal which is presently pending before the United States Court of Appeals for the Third Circuit. Specifically, in an Order dated November 26, 2007, which denied a § 2255 petition filed by Reynolds as being as premature, Judge Kosik noted that Petitioner had a direct appeal pending before the Court of Appeals for the Third Circuit. *See Reynolds*, 3:05-CR-493, Record document no. 318, ¶ 6. The docket contains no indication that the Court of Appeals has rendered a disposition with respect to the direct appeal.

Since Reynolds presently has a direct appeal pending before the Third Circuit Court of Appeals, his present request for relief under § 2241 is clearly premature. Furthermore, in the event Reynolds' direct appeal is unsuccessful, the next available avenue for him to challenge the legality of his federal conviction and sentence is via an action under § 2255.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by *motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir.), *cert. denied*, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" *Myers v. Booker*, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing

3

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

*United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000)(citation omitted); *see also Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same).

Based on the foregoing analysis, Petitioner may not presently assert his claims under § 2241.  Accordingly, his petition will be dismissed without prejudice.  Reynolds, if he so chooses, may reassert his present claims via his pending direct appeal, or by filing a § 2255 petition.  An appropriate Order will enter.

                                             s/James F. McClure, Jr.
                                             James F. McClure, Jr.
                                             United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, : | |
| : | |
| Petitioner : | |
| : | |
| v.  : | CIVIL NO. 4:CV-08-909 |
| : | |
| BLEDSOE, WARDEN, : | |
| : | (Judge McClure) |
| Respondent : | |

## **ORDER**

May 14, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. Reynolds' habeas corpus petition is DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court is directed to close the case.

4. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

                                                  s/James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge